Hart, J.
 

 In passing, it may be noted that in a previous action by the plaintiff against Reynolds for personal injuries predicated on the same accident a judgment was rendered in favor of the plaintiff, but in a supplementary action against Straus’ insurer it was held that there was no liability on the indemnity policy because, at the time of the accident, Reynolds’ use of the truck was not with the permission of Straus. See
 
 Gulla
 
 v.
 
 Reynolds,
 
 151 Ohio St., 147, 85 N. E. (2d). 116.
 

 There was no evidence in the instant case that Reynolds was acting as agent of Straus at the time of the accident. And even if there had been the relationship, of principal and agent between Straus and Reynolds at the time Straus gave permission to use the truck to deliver the baby bed, no liability could be asserted against Straus on the ground of agency, because Reynolds had not only departed from the scope of the permission given him to operate the truck but had violated specific instructions by Straus to return the truck to the parking lot.
 
 White Oak Coal Co.
 
 v.
 
 Rivoux, Admx.,
 
 88 Ohio St., 18, 102 N. E., 302, 46 L. R. A. (N. S.), 1091, Ann. Cas., 1914C, 1082;
 
 Braun
 
 v.
 
 Averdick,
 
 113 Ohio
 
 *196
 
 St., 613, 150 N. E., 41, 42 A. L. R., 1448;
 
 Jackson
 
 v.
 
 Frederick,
 
 152 Ohio St., 423, 89 N. E. (2d), 645.
 

 The plaintiff, however, insists that the defendant was negligent in entrusting the truck to Reynolds an unlicensed operator who defendant knew or should have known was such when he gave Reynolds permission to take the truck in the first instance, and that such wrongful entrustment of the truck to Reynolds was a proximate cause of the injury to the plaintiff.
 

 The claim of the plaintiff, so far as it arises out of the act of an unlicensed driver, is based on the alleged violation of Section 6296-28, General Code, which is as follows:
 

 “No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or in violation of any of the provisions of this act. ’ ’
 

 In view of the statute, the question arises as to the existence of liability of one who entrusts a motor vehicle to another for injury done by the latter through' the operation of the vehicle, where such other does not possess a driver’s license and such liability is grounded solely on the failure of the entruster to see that the entrustee has a proper license. No doubt proof of the violation of the statute is evidence of negligence, but to establish liability it must be shown that such violation of the statute upon the part of the owner was a proximate cause of the injury resulting from the negligent operation of the motor vehicle by the unlicensed entrustee. By the great weight of authority, the mere fact that the operator of a motor vehicle was not licensed to operate it as required by statute will not of itself make the owner liable for injury caused by the operation of the vehicle where the failure to obtain or possess such license had no causal relation to the injury. Or
 
 ose
 
 v.
 
 Eodge Drive-It-Yourself Co., Inc.,
 
 132 Ohio St., 607, 9 N. E. (2d), 671, 111 A. L. R., 954;
 
 Mt.
 
 
 *197
 

 Nebo Baptist Church
 
 v.
 
 Cleveland Crafts Co., ante,
 
 185;
 
 Gonchar
 
 v.
 
 Kelson,
 
 114 Conn., 262, 158 A., 545;
 
 Hertz Driv-Ur-Self System, Inc.,
 
 v.
 
 Hendrickson,
 
 109 Colo., 1, 121 P. (2d), 483;
 
 Lindsay v. Cecchi,
 
 26 Del., 133, 80 A., 523, 35 L. R. A. (N. S.), 699; 5 American Jurisprudence, 588, Sections 144 and 146; annotation, 87 A. L. R., 1469.
 

 The amended petition makes the general allegation that the operation of defendant’s truck by Reynolds in violation of law in that he possessed no driver’s license as required by law, among other alleged acts of negligence, was the proximate cause of plaintiff’s injuries, but the petition does not set out any specific facts from which it may be inferred that the absence of a driver’s license had any connection with the injury.
 

 Section 6296-7, General Code (120 Ohio Laws, 289), as in effect at the time this cause of action accrued, prohibited the issuance of a chauffeur’s or driver’s license to a person under 16 years of age; to any person whose license had been suspended, during the period of suspension; to any person whose license had been revoked, until the expiration of one year after such revocation; to any person who was a habitual drunkard or was addicted to the use of narcotic drugs; to any person who had previously been adjudged insane or feeble-minded; to an idiot, imbecile or epileptic; to any one afflicted with or suffering from such physical or mental disability or disease as would serve to prevent such person from exercising reasonable and ordinary control over a motor vehicle, while operating the same on the highways; or to a person who was unable to understand highway warnings, traffic signs or directions given in the English language.
 

 The amended petition in the instant case does not aver that Reynolds had any of the disabilities listed in that section and none was proven. In the absence of
 
 *198
 
 such averment and evidence, it will be presumed that Reynolds would have been granted a driver’s license if he had applied for one. There being no evidence that Reynolds was not eligible for a driver’s license, the fact that he did not possess one had no operative effect to create liability against the defendant. In other words, the violation of the driver’s license law by Reynolds and the violation of the law by the defendant making it unlawful for him to entrust his car to a nonlicensed driver were not the efficient causes of the injury in the instant ease and had no causal connection with it.
 

 The plaintiff claims that aside from the question of placing the truck in question in the hands of an unlicensed operator, liability of the defendant may be predicated upon the violation of a common-law duty not to entrust the operation of a motor vehicle to an incompetent or unqualified operator. It is a well settled rule of law that the owner of a motor vehicle may be held liable for an injury to a third person resulting from the operation of the vehicle by an inexperienced or incompetent driver, upon the ground of negligence, if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to such a driver.
 
 Elliott
 
 v.
 
 Harding,
 
 107 Ohio St., 501, 140 N. E., 338, 36 A. L. R., 1128;
 
 Clark
 
 v.
 
 Stewart,
 
 126 Ohio St., 263, 273, 276, 185 N. E., 71;
 
 Wery
 
 v.
 
 Seff,
 
 136 Ohio St., 307, 25 N. E. (2d), 692;
 
 Williamson
 
 v.
 
 Eclipse Motor Lines, Inc.,
 
 145 Ohio St., 467, 62 N. E. (2d), 339, 168 A. L. R., 1356;
 
 Priestly
 
 v.
 
 Skourup,
 
 142 Kan., 127, 45 P. (2d), 852, 100 A. L. R., 916;
 
 Crowell
 
 v.
 
 Duncan,
 
 145 Va., 489, 134 S. E., 576, 50 A. L. R., 1425;
 
 Lufty
 
 v.
 
 Lockhart,
 
 37 Ariz., 488, 295 P., 975;
 
 Mitchell
 
 v.
 
 Churches,
 
 119 Wash., 547, 206 P., 6, 36 A. L. R., 1132;
 
 Walker
 
 v.
 
 Klopp,
 
 99 Neb., 794, 157 N. W., 962;
 
 Smith,
 
 
 *199
 

 Gdn.,
 
 v.
 
 Nealy,
 
 162 Wash., 160, 298 P., 345;
 
 Mead
 
 v.
 
 Wiley M. E.
 
 Church,--N. J. Law, - — -, 72 A. (2d), 183; 5 American Jurisprudence, 696, Section 355; 42 Corpus Juris, 1078, Section 836; 4 Berry on Automobiles (7 Ed.), Section 4406; annotation, 168 A. L. R., 1366; American Digest, Automobiles, Section 192 (11).
 

 In such cases, liability is not predicated on the doctrine of
 
 respondeat superior
 
 but upon the combined negligence of the owner and driver, the owner’s negligence arising from the act of knowingly entrusting the vehicle to an incompetent driver, and the latter’s negligence from the lack of due care in its operation. Such liability on the part of the owner is generally confined to cases where he entrusts his motor vehicle to one whose appearance or conduct is such as to indicate his incompetency or inability to operate the vehicle with due care. For instance, liability has been imposed where a father entrusted his automobile to his 14-year-old son, unaccustomed to its use and operation and who in turn entrusted the vehicle to another incompetent driver of tender years
 
 (Elliott
 
 v.
 
 Harding,
 
 supra); where a father permitted his 15-year-old son to operate the former’s automobile in violation of a city ordinance making it unlawful for the owner of a motor vehicle to permit a person under the age of 16 years to operate the vehicle on any public street
 
 (Wery
 
 v.
 
 Seff,
 
 supra); and where the owner of an automobile loaned it to another, whom he knew to be drinking intoxicating liquors, to attend a drinking party with knowledge that such other was in the habit of getting drunk
 
 (Mitchell
 
 v.
 
 Churches, supra).
 

 To impose liability in other cases, where the incompeten ey of the entrustee is not apparent to the entruster of the motor vehicle at the time of its entrustment, it must be affirmatively shown that the entrustei had at that time knowledge of such facts and circum
 
 *200
 
 stances relating to the ineompetency of the entrustee to operate the motor vehicle as would charge the entruster with knowledge of such incompetency.
 
 Coins
 
 v.
 
 Washington Motor Coach Co., Inc.,
 
 - Wash., ——, 208 P. (2d), 143;
 
 McIlroy
 
 v.
 
 Akers Motor Lines, Inc.,
 
 229 N. C., 509, 50 S. E. (2d), 530.
 

 The defendant, as a defense to this claim of liability, insists that the entrustment of the truck by defendant to Reynolds for the purpose of delivering the baby bed to Reynolds ’ home in midafternoon, about which there is no question, did not carry over and continue after Reynolds violated the instruction of Straus to immediately return the truck to the parking lot, and had ceased when Reynolds was operating the truck several hours later in the nighttime on a mission of his own in violation of such instructions.
 

 One of the difficult problems relating to the liability of an owner of a motor vehicle for injury to a third person arising from its entrustment to an incompetent operator is the determination as to how far or to what extent the responsibility of the owner, arising from the entrustment, continues to operate and be effective, where such injury occurs while the vehicle is being operated beyond the scope of the permission and authority given.
 

 Where an owner entrusts his motor vehicle to one who must appear to him to be wholly incompetent by reason of mental or physical disability to operate the vehicle, such as being of tender age, mentally deficient, physically deformed or intoxicated, or who for any cause is known to the owner to be an incompetent driver, the responsibility of the owner will follow the continued operation of the vehicle even though such operation be beyond the scope of permission, because the owner under such circumstances should be held to
 
 *201
 
 anticipate that danger to others will follow from the operation of the vehicle wherever it may go, and that it may be operated beyond the scope of the permission given.
 
 Weber
 
 v.
 
 Pinyan,
 
 9 Cal. (2d), 226, 70 P. (2d), 183, 112 A. L. R., 407;
 
 Atkins
 
 v.
 
 Churchhill,
 
 30 Wash. (2d), 859, 194 P. (2d), 364;
 
 Levy
 
 v.
 
 McMullen,
 
 169 Miss., 659, 152 So., 899; V.
 
 L. Nicholson Construction Co.
 
 v.
 
 Lane,
 
 177 Tenn., 440, 150 S. W. (2d), 1069; annotation, 163 A. L. R., 1418.
 

 In a case such as the instant one, the burden is upon the plaintiff to establish that the motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the entrustee was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency.
 

 In the instant case, the evidence showed that the defendant had observed Reynolds during the previous year working for the Lucas company, engaged in moving furniture, at its place of business a short distance away from that of the defendant; that the defendant had seen Reynolds working upon and operating a Lucas truck; that Reynolds as a truck driver for Lucas had solicited business from the defendant; that the defendant did not at any time inquire of Reynolds whether he had a driver’s license but supposed he had one; that on the afternoon in question the defendant hired Reynolds to operate defendant’s truck to deliver an item of furniture to a customer of the defendant, which Reynolds did; and that upon Reynolds’ return to defendant’s store the defendant gave him permission to use the truck to deliver a baby bed to a place a block and a half from defendant’s store, with specific
 
 *202
 
 instruction to return the truck to the parking lot after the delivery. This operation of the truck took place during daylight hours. There was no showing that Reynolds had had any previous motor vehicle accidents or that he was an incompetent driver and, of course, the defendant could not be charged with knowledge of the circumstances of the truck collision which Reynolds had in the following hours of darkness. To rebut this evidence of the defendant, a bookkeeper for Lucas testified that Lucas operated two places of business, one an auction company and the other a trucking company, and that Reynolds worked for the former under the name of Flannery, but not as a truck driver.
 

 Considering the state of the record as above detailed, this court is of the view that there was no evidence to support a finding that the' defendant at the time of the entrustment of the truck to Reynolds had actual or implied knowledge of any incompetency of Reynolds to operate the truck. In fact, there is no evidence of incompetency of Reynolds to operate the truck other than inferences which might be drawn from the circumstance of the single collision with the pushcart and plaintiff in the instant case. In view of the lack of such evidence, we are of the opinion that the trial court was justified in directing a verdict for the defendant.
 

 The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias and Stewart, JJ., concur.
 

 Zimmerman, J., concurs in the judgment.
 

 Taft, J., concurs in paragraphs one', two and three of the syllabus and in the judgment.
 

 Turner, J., dissents.