**Ernie COX, Jr., Plaintiff,**

v.

**Mosco DUBOIS, et al., Defendants.**

No. 97CV00391.

United States District Court,
S.D. Ohio,
Eastern Division.

Aug. 3, 1998.

Thomas F. Ziegler, Cincinnati, OH, for Ernie Cox.

Rick Edmund Marsh, Columbus, OH, Wade W. Smith, Jr., Youngtown, OH, for Mosco Dubois.

T. Jeffery Beausay, Reminger & Reminger, Columbus, OH, for Ed Sturgeon.

Kurt A. Philipps, Jr., Deters, Benzinger & LaVelle, Covington, KY, for Kentucky Farm Bureau.

Gary Wright Hammond, Hammond Law Office, Columbus, OH, for Allstate Ins. Co.

## MEMORANDUM AND ORDER

MARBLEY, District Judge.

### I. INTRODUCTION

This matter is before the Court on the Motion for Summary Judgment of Defendant Ed Sturgeon, Administrator of the estate of Lucille James (doc. 9), the Motion to Dismiss of Defendant Mosco Dubois, Administrator of the estate of Elijah Dubois (doc. 15), the Motion for Summary Judgment of Plaintiff Ernie Cox, (doc. 34), and the Motion for Summary Judgment of the Intervening Plaintiff Allstate Insurance Company (doc. 35). The motions have been fully briefed. Oral arguments on the motions were held on July 24, 1998, and the motions are ripe for decision.

### II. BACKGROUND AND UNDISPUTED FACTS

On August 5, 1996, the car that Elijah Dubois was driving rear-ended the freightliner truck Ernie Cox was driving on I–71 South in Franklin County, Ohio. Dubois was killed in the accident, as were Dubois's wife and Lucille James, two of the three passengers in his vehicle. The remaining passenger was severely injured. Plaintiff Cox exited his truck and attempted to assist the injured. The accident scene was particularly gruesome, as the bodies were mangled, and "Defendant Dubois [sic] head was 'stuck' in the corner of Plaintiff Cox's trailer." As a direct result of the "viewing of mangled bodies, blood, death stares and the horror of the scene," Cox suffered "severe emotional trauma." Cox is seeking to recover compensation for his medical expenses, for lost wages due to a loss of ability to earn income, and

for other financial losses which he alleges were the direct result of the accident.

The car that Dubois was driving had been rented by Lucille James from Hertz Corporation. Under the terms and conditions of the rental agreement between Hertz and Ms. James, Ms. James was the only authorized driver of that automobile. The agreement specifically stated that no one else was authorized to operate the rental vehicle without Hertz's prior written approval. The section in the rental agreement entitled "YOUR RESPONSIBILITIES" states:

> *UNDER THIS AGREEMENT YOU AND/OR ANY AUTHORIZED OPERATOR MAY NOT:*
>
> > (a) PERMIT THE USE OF THE CAR BY ANYONE OTHER THAN AN AUTHORIZED OPERATOR;
>
> ...

In addition, the RENTAL RECORD signed by Ms. James states:

> NO "ADDITIONAL AUTHORIZED OPERATORS" WITHOUT HERTZ' PRIOR WRITTEN APPROVAL.

Below this condition on the RENTAL RECORD, it states:

> BY YOUR INITIALS YOU ACKNOWLEDGE AND AGREE TO THE ABOVE CONDITIONS: ____

The RENTAL RECORD clearly shows that Ms. James signed the form and initialed the record in the space provided, thus acknowledging and agreeing to the condition that no additional authorized operators would be permitted to drive the rental car without Hertz's prior written approval.

The documents in this case show that Ms. James never obtained prior written approval from Hertz for Mr. Dubois to be listed as an additional authorized operator of her rental automobile. The facts also show that neither Ms. James nor Mr. Dubois ever obtained even verbal permission from the owner of the vehicle, Hertz, allowing Mr. Dubois to operate the rental car at the time of this accident. In addition, because Mr. Dubois failed to obtain the permission of the owner of the rental car to drive the car, Dubois' insurance

company, Allstate, denied coverage for the accident pursuant to the terms of its policy.

Plaintiff brought claims of negligence and negligent entrustment in the Hamilton Court of Common Pleas against the estate of Mr. Dubois, the estate of Lucille James, Hertz Corporation (because "Hertz owned the car that was the weapon" and because "Hertz put the car on Ohio highways and as such is liable for damages caused by the car") and Frontier Transport Corporation (the owner of the trailer portion of the vehicle driven by plaintiff).[1] Pursuant to 28 U.S.C. § 1446, Defendant Sturgeon removed this case based upon a complete diversity of citizenship and a demand for judgment in excess of $75,000.

On July 24, 1997, Defendant Sturgeon filed a Motion for Summary Judgment on Plaintiff's claim of negligent entrustment against the estate of Lucille James. On October 1, 1997, the Mahoning County Probate Court declared the estate of Elijah Dubois insolvent and discharged the contingent claim by Plaintiff Cox against the estate. Later that month, Defendant Dubois filed in this Court a Motion to Dismiss the negligence claim against the estate of Elijah Dubois based upon this state probate court ruling and the fact that Elijah Dubois was not covered under his insurance policy for this accident. Plaintiff opposed the Motion to Dismiss only on the grounds that Allstate Insurance should not be released from liability. Defendant Sturgeon also opposed the Motion to Dismiss on the grounds that he wanted the opportunity to test the issue of whether Allstate's Policy covered the accident in question.

In April 1998, Allstate Insurance Company intervened in this action as a Plaintiff bringing a claim pursuant to Fed. R.Civ. P. 57 to determine whether coverage was available to Defendant Mosco Dubois pursuant to the automobile liability policy issued by Allstate to Elijah Dubois before the accident in question. On April 23, 1998, Plaintiff Ernie Cox filed a Motion for Summary Judgment in his favor on Allstate Insurance Company's Complaint. Allstate Insurance Company filed a Memorandum Contra to Plaintiff's Motion for Summary Judgment which also served as its Motion for Summary Judgment in its own right. It is to these motions that the Court now turns.

## III. STANDARDS GOVERNING MOTIONS

### A. Standard on Summary Judgment

Fed.R.Civ.P. 56(c) provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of a genuine issue of material fact on an essential element of that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also, Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[T]he standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

In addition, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'"

---

1. Both Hertz and Frontier Transport Corporation were voluntarily dismissed without prejudice while the case was in state court.

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989) (quoting *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505 (1986)). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street*, 886 F.2d at 1479. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

### B.  Standard on Motion to Dismiss

█ In addressing a motion to dismiss based upon Fed. R. Civ. Pro. 12(b)(6), the Court must determine whether, accepting all of Plaintiffs' allegations as true, it is beyond doubt that Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D.Ohio 1993) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Further, the factual allegations of the complaint must not only be presumed true, but also liberally construed in favor of the plaintiff. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, p. 304 (1990). The plaintiff is entitled to all favorable inferences which may be drawn from those allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## IV.  DISCUSSION

### A.  Plaintiff Fails to Present Evidence Sufficient to Survive Summary Judgment on Its Claim of Negligent Entrustment Against the Estate of Lucille James.

█ Defendant Ed Sturgeon moves for Summary Judgment on the claim of negligent entrustment against the Estate of Lucille James based upon her permitting Elijah Dubois to drive the car that she rented from Hertz. Liability for negligent entrustment of a motor vehicle is recognized in Ohio Law:

The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury.

. . .

In an action against the owner of a motor vehicle for injury arising from its entrustment for operation, the burden is upon the plaintiff to establish that the motor vehicle was driven with the permission and the authority of the owner; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the trustee had no driver's license, or that he was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency.

*Gulla v. Straus* (1950) 154 Ohio St. 193, 93 N.E.2d 662, *syllabus* ¶¶ 3, 5.

Defendant argues that Plaintiff has produced no evidence to show that James was the owner of the motor vehicle in question. In addition, Plaintiff has produced no evidence that Mr. Dubois was an inexperienced, incompetent or reckless driver. Further, Defendant argues that Plaintiff has produced no evidence (and cannot produce such evidence since Ms. James is deceased) that Ms. James knew or should have known that Mr. Dubois was an inexperienced, incompetent or reckless driver.

█ Plaintiff argues that the fact that Elijah Dubois's driver's license had expired seven years prior to the accident, on December 21, 1989, is evidence sufficient to allow his claim of negligent entrustment to go to a jury. However, Plaintiff ignores the fact that he has adduced no evidence that Ms. James knew or should have known that Mr. Dubois's driver's license had expired. Furthermore, "[b]y the great weight of authority, the mere fact that the operator of a motor vehicle was not licensed to operate it as required by statute will not of itself make the

owner liable for injury caused by the operation of the vehicle where the failure to obtain or possess such license had no causal relation to the injury." *See Gulla,* 154 Ohio St. at 196–97, 93 N.E.2d 662 (citing cases). There is no contention in this case, and therefore no dispute, that the fact that Mr. Dubois's license had expired had any causal relation to Mr. Cox's injury.

Plaintiff failed to respond to Defendant Sturgeon's Motion for Summary Judgment with any other evidence in the record which creates a genuine issue of material fact on any of the elements of his claim for negligent entrustment. Because he presents no affirmative evidence sufficient to defeat Defendant's Sturgeon's Motion, Plaintiff's claim of negligent entrustment must fail, and Defendant Sturgeon's Motion for Summary Judgment on this claim is **GRANTED**.

■ Both in its Memorandum Contra and at oral argument, Plaintiff raised, in the alternative, a simple negligence theory of liability against Ms. James. First, Plaintiff argues that Ms. James, by declining Hertz's pre-offered insurance coverage, assumed responsibility herself for the consequences of damage caused by her vehicle, regardless of whom she permitted to drive. However, Plaintiff's argument for this unique theory of liability is made without citation to any authority, and this Court does not recognize it. Second, Plaintiff argued at oral argument that by rejecting Hertz's offered insurance, and breaching the agreement to be the only driver, Ms. James knew that Mr. Dubois would not be covered by insurance if he drove, and that this was negligence on James's part. However, much like the expired license, the fact that Mr. Dubois was not covered by insurance while he drove was not the proximate cause of any injury to Plaintiff. Rather, it was Mr. Dubois's careless driving that caused Cox's claimed injuries. While Mr. Cox certainly suffers due to the unfortunate fact that Mr. Dubois was not covered by insurance at the time of the accident, such a fact was not the cause of his injuries. *See Gulla,* 154 Ohio St. at 196–97, 93 N.E.2d 662 (failure to obtain or possess license had no causal relation to the injury, and, therefore, no liability established).

■ Finally, Plaintiff argues that Ms. James negligently violated the terms of her rental agreement by allowing Mr. Dubois to drive. However, it is an elementary concept of common-law negligence theory that in order for Ms. James to be liable to Plaintiff Cox for a breach of her rental agreement with Hertz, she must first owe a special duty to Cox not to breach that agreement. *See Gelbman v. Second Natl. Bank of Warren* (1984), 9 Ohio St.3d 77, 78, 458 N.E.2d 1262, 1263 ("In Ohio it is well-settled that liability in negligence will not lie in the absence of a special duty owed by the defendant."). Plaintiff directs this Court to nothing in the relationship among the parties or the contract between Hertz and Ms. James that can be read or interpreted to create a special duty that Ms. James owed to Plaintiff Cox not to breach the Hertz agreement. Cox was both a stranger to Ms. James and to the contract, and he has not alleged facts nor adduced evidence sufficient to prove that he was an intended beneficiary of the contract to whom a duty was owed. *See Hill v. Sonitrol of Southwestern Ohio, Inc.* (1988), 36 Ohio St.3d 36, 521 N.E.2d 780 (adopting Section 302 of the Restatement of the Law 2d, Contracts (1981) 439–440, and rejecting an argument similar to Plaintiff's here). Thus, Plaintiff's negligence claim against Ms. James also fails, and Defendant Sturgeon's Motion for Summary Judgment on this claim is **GRANTED**.

B. *Pursuant to the Allstate Insurance Policy for Mr. Dubois, Allstate Has No Duty to Provide Dubois With a Defense, Nor Indemnify Dubois for the Claims Made by Mr. Cox in the Underlying Action.*

After Allstate Insurance Company's Intervening Complaint was filed, the parties agreed that there were no genuine disputes of material fact between them and that the only issue remaining is a legal issue for the Court to decide: interpretation of the Allstate Insurance policy. Both parties have filed a Motion for Summary Judgment based solely upon the language of the policy. For the following reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment

and **GRANTS** Intervening Plaintiff Allstate Insurance Company's Motion for Summary Judgment.

■ Under the terms and conditions of the Allstate Insurance Policy issued to Mr. Dubois, the section entitled "Coverage Agreement" states:

> Under these coverages, **your** policy protects an insured person from claims for accidents arising out of the ownership, maintenance, operation, loading or unloading of an insured **auto.**

The policy goes on to define both "insured persons" and "insured autos":

· **Insured Persons**

1. While operating your insured auto:
   a. **You,**
   b. Any **resident** relative, and
   c. Any other person operating it with **your** permission.
2. While operating a non-owned **auto:**
   a. **You,**
   b. Any **resident** relative operating a four wheel private passenger **auto** or **utility auto.**
3. Any other person or organization liable for the insured **auto** provided:
   a. the **auto** is not owned or hired by the personal organization,
   b. operation is by an injured person under 1. or 2. above.

The contract goes on to describe "insured autos" to be, in pertinent part:

. . .

**Insured Autos**

4. A non-owned **auto** operated with the permission of the owner. This **auto** must not be available or furnished for the regular operation of an insured person.

This Court finds these policy definitions to be clear and unambiguous.

Under these policy definitions, in order for Mr. Dubois to be protected by his insurance policy, he was required to operate "an insured auto." There is no dispute that the automobile that Mr. Dubois was driving at the time of the accident was a non-owned auto, one owned by Hertz. Pursuant to the policy, liability coverage would be afforded to him while driving a non-owned auto only if he had the permission of the owner. It is also undisputed that Mr. Dubois was driving this non-owned auto at the time of this accident without the permission of Hertz. Therefore, based on the terms and conditions of the Allstate Insurance Policy, liability coverage is not provided to Mr. Dubois for any liability he may have arising out of the automobile accident that is the subject of this underlying action. *See, e.g., Motorists Mut. Ins. Co. v. Troyer,* (Ohio App. 5th Dist. Dec. 30, 1993), 1993 WL 564219 (finding that insurance company was not under a duty to extend coverage in a "rented car" case, pursuant to a policy with a similar provision, because the driver did not have permission of the owner, the rental company, when the accident occurred).

■ Plaintiff Cox does not argue that the language quoted above is ambiguous or unclear. Rather, Cox argues that when Ms. James contracted for use of the automobile, during the terms of the rental, she became the owner of the vehicle. Since Mr. Dubois had the permission of Ms. James to drive the automobile, Plaintiff Cox argues that Allstate is obliged to extend liability coverage to Mr. Dubois for the accident. Despite the initial appeal of such an argument, however, Plaintiff Cox cites to no statutory or case law supporting such a ruling. Furthermore, this Court finds that such a ruling would fly in the face of the "ordinary and commonly understood meaning" of "owner" and "ownership." *See Dealers Dairy Products Co. v. Royal Ins. Co.* (1960), 170 Ohio St. 336, 164 N.E.2d 745, *syllabus* ¶ 1 ("A policy of insurance is a contract, and like any other contract, is to be given a reasonable construction in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed.").

"Owner" is defined in Black's Law Dictionary as "The person in whom is vested the ownership, dominion, or title of property; proprietor." Black's Law Dictionary 996

(5th ed.1979). "Ownership" is defined in Black's Law Dictionary as:

> Collection of rights to use and enjoy property, including right to transmit it to others. *Trustees of Phillips–Exeter Academy v. Exeter,* 92 N.H. 473, 33 A.2d 665, 673. The complete dominion, title, or proprietary right in a thing or claim. The entirety of the powers of use and disposal aloud by law... The exclusive right of possession, enjoyment and disposal; involving an essential attribute, the right to control, handle and dispose.

Black's Law Dictionary 997 (5th ed.1979).

When Ms. James rented this vehicle from Hertz, she in no way became the owner of the vehicle. She did not obtain title to the car; her right to control the vehicle was limited to the rental agreement, and she had no right to dispose of the vehicle as she saw fit. In sum, Ms. James was not the owner and had no right under the rental agreement with the owner, Hertz, to give Mr. Dubois permission to drive this vehicle. Therefore, Dubois was not driving an "insured auto" under the Allstate Insurance Policy and Allstate had no duty to extend coverage. Plaintiff has directed this court to no authority in which the rentee of a car was treated as the "owner" in the insurance coverage context. The only authority before this Court is to the contrary. *See, e.g., Troyer,* 1993 WL 564219 (treating rentor not rentee as "owner"). Therefore, Plaintiff's argument must be rejected, his Motion for Summary Judgment **DENIED,** and the Motion for Summary Judgment of Intervening Plaintiff Allstate is **GRANTED.**

> C. *Since the Court Has Resolved the Issue of Allstate's Duties Here, Plaintiff Has no Further Opposition to Defendant Dubois's Motion to Dismiss.*

Plaintiff's and Defendant Sturgeon's only opposition to Defendant Dubois's Motion to Dismiss was based upon their desire to first have the liability of Allstate addressed. Since the Court has now fully resolved that issue, there is no further opposition to the Motion. Therefore, Defendant Dubois's Motion to Dismiss is hereby **GRANTED.**

## V. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment of Defendant Sturgeon is **GRANTED;** the Motion to Dismiss of Defendant Dubois is **GRANTED;** the Motion for Summary Judgment of Plaintiff Cox is **DENIED;** and the Motion for Summary Judgment of Intervening Plaintiff Allstate is **GRANTED.**

**IT IS SO ORDERED.**