DECISION AND JOURNAL ENTRY
Plaintiff Ruth Hunsucker has appealed from a judgment of the Summit County Common Pleas Court that granted defendant Robert D. Harris's motion for summary judgment. This Court affirms.
 I.
On August 13, 1996, Ms. Hunsucker was injured in an automobile accident caused by Jon Sharpless, who was driving while intoxicated. At the time of the accident, Mr. Sharpless was driving a 1992 Buick LeSabre owned by Harris Trophy Co., Inc. ("Trophy Co."). Robert Harris is the sole shareholder of Trophy Co.
On the day of the accident, Mr. Harris gave his daughter, Lori Harris-Brake ("Ms. Brake"), permission to use the vehicle. After Ms. Brake drove the vehicle to work, she gave Brian Brake, her fiancé at the time, permission to use the vehicle. While Mr. Brake had possession of the vehicle, he picked up his friend, Mr. Sharpless. Eventually, Mr. Brake gave Mr. Sharpless permission to drive the vehicle. While driving the vehicle, Mr. Sharpless collided with Ms. Hunsucker's vehicle.
On December 5, 1997, Ms. Hunsucker filed a complaint in the Summit County Common Pleas Court against Mr. Sharpless, Mr. Harris, Trophy Co., The Goodyear Tire and Rubber Company, and Allstate Insurance Company. The complaint was later amended to include Ms. Brake and Mr. Brake as additional defendants. Trophy Co. moved the trial court to dismiss the complaint for failure to state a claim upon which relief could be granted. Mr. Harris moved the trial court for summary judgment. Subsequently, Ms. Hunsucker dismissed and/or settled with defendants Allstate Insurance Company, Ms. Brake, Mr. Brake, and The Goodyear Tire and Rubber Company. On February 11, 1999, the trial court granted Mr. Harris's motion for summary judgment. Because it determined that Mr. Harris was not liable, the trial court dismissed all claims against Trophy Co. and certified that there was no just reason for delay pursuant to Civ.R. 54(B). Ms. Hunsucker timely appealed, asserting one assignment of error.
 II. Whether the owner of a car is liable for the negligent acts of a subsequent permitee [sic] where the last permitee [sic] operates the car in the presence of an earlier permitee [sic].
In essence, Ms. Hunsucker has argued that the trial court erred when it granted summary judgment in favor of Mr. Harris. Specifically, Ms. Hunsucker has asserted that the trial court applied the incorrect law when it determined that Mr. Harris was not liable for her injuries. This Court disagrees.
In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. In Dresher v. Burt
(1996), 75 Ohio St.3d 280, the Supreme Court of Ohio, citing its previous decision in Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, outlined the respective burdens upon the moving and nonmoving parties in the context of a Civ.R. 56 motion for summary judgment:
 [W]e hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot simply discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. The foregoing principles have been firmly established in Ohio jurisprudence for some time.
Dresher, supra, 75 Ohio St.3d at 293-294. (Emphasis sic.) The Court then went on to limit the third paragraph of the syllabus of Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, to conform to the above requirements. Id. at 295.
Thus, it is apparent that unless the movant fulfills both prongs of the Dresher duty, the motion for summary judgment must
be denied. However, once the movant satisfies his burden, the nonmovant must then present or point out evidence that satisfies his reciprocal burden to demonstrate the existence of a material factual dispute. Pursuant to Civ.R. 56(E), a nonmovant "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." If the nonmovant fails to satisfy his reciprocal burden, summary judgment, if appropriate, should be granted. Civ.R. 56(E).
Ms. Hunsucker's complaint alleged that Mr. Harris was liable for her injuries because he negligently entrusted his vehicle to Mr. Sharpless. As a general rule, an owner of a motor vehicle is not liable for the negligent use of the vehicle by another to whom it is entrusted. Williamson v. Eclipse Motor Lines, Inc. (1945),145 Ohio St. 467, 472. The owner may, however, be liable for an injury to a third party on the grounds of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from the known facts and circumstances, entrusts its operation to an inexperienced or incompetent person whose negligent operation causes the injury. Gulla v. Straus (1950),154 Ohio St. 193, paragraph three of the syllabus. In an action for negligent entrustment, the plaintiff has the burden of proving that: (1) the vehicle was driven with the owner's permission; (2) the entrustee was in fact an incompetent driver; and (3) the owner knew at the time of the entrustment that the entrustee was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply that the owner had knowledge of the incompetency. Id. at paragraph five of the syllabus.
In support of his motion for summary judgment, Mr. Harris submitted an affidavit stating that he did not give control of the vehicle to Mr. Sharpless. He further averred that Mr. Sharpless drove the vehicle without his knowledge or permission. In fact, he averred that, although he did give his daughter permission to use the vehicle, he did not know that she had loaned it to Mr. Brake, who had in turn loaned the vehicle to Mr. Sharpless, until after the accident had occurred.
Mr. Harris also submitted an affidavit of Ms. Brake to support his motion. Ms. Brake averred that she loaned the vehicle to Mr. Brake without the knowledge or permission of Mr. Harris. She further averred that she was not aware that Mr. Brake loaned the vehicle to Mr. Sharpless until after the accident. Mr. Harris asserted that Ms. Hunsucker could not establish that Mr. Harris entrusted his vehicle to Mr. Sharpless. Mr. Harris, therefore, asserted that he was entitled to summary judgment on the grounds that Ms. Hunsucker could not support her negligent entrustment claim.
In opposition to the motion for summary judgment, Ms. Hunsucker asserted that Mr. Harris was not entitled to summary judgment because a genuine issue of material fact existed as to whether Mr. Harris gave Mr. Sharpless permission to use the vehicle and whether Mr. Harris knew that Mr. Sharpless was incompetent to drive the vehicle. Ms. Hunsucker submitted the depositions of Mr. Harris and Mr. Sharpless in support of her response to Mr. Harris's motion for summary judgment.
Ms. Hunsucker inferred that, because Mr. Harris loaned the vehicle to Ms. Brake and knew that she was living with Mr. Brake, he should have known that Mr. Brake would be driving the vehicle. Building on that initial inference, Ms. Hunsucker went on to further infer that, because Mr. Harris knew that Mr. Brake and Mr. Sharpless were friends, he had reason to believe that Mr. Sharpless would be driving the vehicle.
Next, Ms. Hunsucker pointed to Mr. Sharpless's statements that he and Mr. Brake had an extensive history of drinking together. She also pointed to Mr. Sharpless's statements that on the day of the accident, he had been golfing with Mr. Brake and Mr. Harris. From this testimony, she inferred that Mr. Harris knew or should have known that Mr. Sharpless was incompetent to operate a vehicle and that Mr. Harris gave him permission to drive the vehicle.
On appeal, Ms. Hunsucker has asserted that, pursuant to Drakev. State Farm Ins. Co. (Oct. 15, 1998), Cuyahoga App. No. 73502, unreported, 1998 Ohio App. LEXIS 4868, Mr. Harris was not entitled to summary judgment as a matter of law. This Court concludes that her reliance on Drake is misplaced. The court in Drake was addressing the issue of whether a party was an insured under the terms of an insurance contract.
This case is distinguishable from Drake because the issue is not whether Mr. Sharpless was covered under Mr. Harris's insurance policy. The issue is whether Mr. Harris negligently entrusted his vehicle to Mr. Sharpless, therefore, becoming personally liable for Mr. Sharpless' actions. Unlike the insurance coverage issue in Drake, a negligent entrustment claim requires the plaintiff to prove that the owner of a vehicle knowingly gave permission to the known incompetent entrustee to operate the vehicle. See Gulla, at paragraph three of the syllabus.
Once Mr. Harris pointed to evidence that he did not explicitly or implicitly give Mr. Sharpless permission to drive the vehicle, the burden shifted to Ms. Hunsucker to point to evidence that a genuine issue of material fact existed. In order to meet her burden, Ms. Hunsucker would have to establish that a genuine issue of material fact existed as to whether Mr. Sharpless operated the vehicle with the permission and authority of Mr. Harris. Ms. Hunsucker failed to do so. She merely stacked inference upon inference in an attempt to establish a link between Mr. Harris and Mr. Sharpless.[1]
Because Ms. Hunsucker failed to point to evidence that a genuine issue of fact existed as to whether Mr. Sharpless had the permission or authority of Mr. Harris to operate the vehicle, she failed to meet her Dresher burden. As a result, the trial court correctly granted summary judgment in favor of Mr. Harris. Accordingly, Ms. Hunsucker's sole assignment of error is overruled.
 III.
Ms. Hunsucker's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ BETH WHITMORE, FOR THE COURT.
SLABY, P.J. and CARR, J. CONCUR.
[1] "The stacking of inferences is not permitted in Ohio."Chapanar v. Meyers (Sept. 2, 1998), Summit App. No. 18774, unreported at 8, fn. 1.