OPINION
This is an appeal from a summary judgment for a defendant on a claim for relief alleging negligent entrustment.
Plaintiff, Clydia J. Gaylor, was a passenger on a jet ski operated by Carol A. Capion when it collided with another jet ski operated by T.J. Barker. The jet ski which Barker rode was owned by Defendant, Steve Salmons. The collision occurred on June 25, 1998, at Eastwood Lake in Montgomery County.
Gaylor commenced the underlying action for injuries she allegedly suffered in the collision. Gaylor alleged that Barker was negligent in operating the jet ski and that Salmons was negligent in entrusting his jet ski to Barker. The trial court granted summary judgment to Defendant Salmons on the negligent entrustment claim. The court subsequently entered judgment against Defendant Barker for $50,000.
Plaintiff Gaylor filed a timely notice of appeal. She presents a single assignment of error, which states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS A GENUINE ISSUE OF MATERIAL FACT EXISTS WITH REGARD TO THE CONFLICTING TESTIMONY STATED IN THE AFFIDAVIT AND DEPOSITION OF DEFENDANT, STEVE SALMONS.
The assignment of error concerns the summary judgment for Defendant Salmons on Plaintiff Gaylor's negligent entrustment claim.
 In an action against the owner of a motor vehicle for injury arising from its entrustment for operation, the burden is upon the plaintiff to establish that the motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the entrustee had no driver's license, or that he was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency.
Gulla v. Straus (1950), 154 Ohio St. 193, Syllabus by the Court, paragraph 5.
Salmons' jet ski was parked at the shoreline when Barker started it and drove off. Barker stated by deposition that he did not have Salmons' permission to operate his jet ski. Salmons testified by affidavit that he did not give Barker permission to use the jet ski, adding that he was sitting in the front of his truck resting after riding his jet ski and was unaware that Barker drove off on it. In his separate deposition Salmons stated that when Barker drove off he was standing in front of the truck talking to his wife and a friend and didn't hear the jet ski start up. (T. 10).
Salmons moved for summary judgment pursuant to Civ.R. 56 on the issue of whether Barker had operated the jet ski with his permission. Based on the foregoing evidence, the trial court found that Plaintiff Gaylor could not satisfy the first prong of her burden under Gulla v. Straus, supra, which requires proof that the motor vehicle was driven with the permission of the owner. Having thus found, the court granted the motion for summary judgment that Defendant Salmons filed.
Civ.R. 56(C) authorizes pretrial judgments on any issue of law involved in a claim or defense presented by the pleadings, and provides that summary judgment may not be granted when there is a genuine issue of material fact concerning the issue of law involved. In resolving that question, the court must construe all evidence most strongly in favor of the party against whom the motion is made.
Plaintiff Gaylor argues that the trial court erred when it granted summary judgment for Defendant Salmons on the permission issue because a genuine issue of material fact determinative of that issue is portrayed by the record. Gaylor seizes on the discrepancy between Salmons' deposition statement that when Barker rode off Salmons was standing in front of his truck and his affidavit statement that he was seated in his truck when Barker started the jet ski and drove off. Gaylor also argues that, because jet skis are noisy, Salmons reasonably should have heard the motor start. When that evidence is construed most strongly in her favor, according to Gaylor, a genuine issue of material fact remains for determination on the issue of whether Barker had Salmons' permission to operate his jet ski when it collided with the one on which Gaylor was a passenger.
"Permission" implies acquiescence by a failure to prevent, or to expressly assent or agree to the doing of an act. In that regard, the discrepancy concerning Salmons' location when Barker started the jet ski and drove off is immaterial. It, like the question of noise from the motor, may go to the issue of Salmons' credibility, but credibility is not in issue under Civ.R. 56. Steele v. Auburn Vocational School Dist. (1994), 104 Ohio App.3d 204. Neither does the court weigh the evidence presented. Id. Nor does it determine facts. Chandler v. State (Dec. 22, 1994), Morrow App. No. CA806, unreported. Rather, the court must accept the evidence presented as true, construing it most strongly in favor of the non-movant on the issue of law involved. Discrepancies are significant only to the extent that a genuine issue of material fact is in some way portrayed and preserved as a result.
Salmons also stated that he was about twenty feet away from his jet ski when Barker started it and that other jet skis were operating during the time. Taken together with the other evidence presented, these facts show that whether Salmons was then in his truck or in front of it is immaterial to the issue of permission. There is no genuine issue of material fact for a jury to determine concerning whether Salmons acquiesced in or permitted Barker to operate his jet ski. On this record, reasonable minds could only conclude that Salmons did not. Therefore, negligent entrustment cannot be proved. Gulla v. Straus,supra.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and FAIN, J., concur.