JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiffs-appellants Sam and Jose Shapiro appeal from a judgment of the Cuyahoga County Common Pleas Court that granted defendant-appellee Ann Kramer's motion for summary judgment. The Shapiros argue that the trial court erred in granting Kramer's summary judgment because they submitted sufficient evidence to demonstrate that a genuine issue of material fact exists as to their claim of negligent entrustment claim against her. For the following reasons, we affirm.
The record before us reveals that on September 27, 1999, plaintiff Sam Shapiro and defendant Shannon Barden (Barden) were involved in a motor vehicle accident in Cleveland Heights, Ohio. Shapiro's passenger was Jose, his father and owner of the vehicle. The car Barden was driving was owned by defendant Ann Kramer, his mother.
On December 10, 1999, the Shapiros filed a complaint for personal injuries and property damage. Both Barden and Kramer were named as defendants. The Shapiro's cause of action against Kramer is premised solely on a claim of negligent entrustment.
On November 2, 2000, Kramer filed a motion for summary judgment regarding her negligent entrustment of the motor vehicle to Barden. The trial court granted Kramer's motion for summary judgment upon finding no genuine issue of fact on the issue of entrustment. Specifically, the trial court found that Barden did not have permission to drive Kramer's car at the time of the accident. The Shapiros now appeal from that judgment and raise two assignments of error for our review which will be discussed together.
 I. THE COURT ERRED IN GRANTING DEFENDANT, KRAMER'S MOTION FOR SUMMARY JUDGMENT ON THE GROUND THAT A QUESTION OF FACT REMAINED FOR THE JURY TO WEIGH AND BALANCE, NAMELY: THE CREDIBILITY AND VERACITY OF THE WITNESSES, ANN KRAMER AND SHANNON BARDEN, WHICH SHOULD NOT HAVE BEEN DECIDED ON SUMMARY JUDGMENT.
 II. THE COURT ERRED IN GRANTING DEFENDANT, KRAMER'S MOTION FOR SUMMARY JUDGMENT ON THE GROUND THAT KRAMER'S PARKING BEHIND BARDEN AND BLOCKING HIS EXIT ON THE NIGHT OF THE MOTOR VEHICLE ACCIDENT CONSTITUTED CONSTRUCTIVE NEGLIGENT ENTRUSTMENT AND A QUESTION OF FACT WHICH ONLY A JURY COULD HAVE DECIDED.
In these assignments of error, the Shapiros claim that the trial court erred in granting summary judgment in favor of Kramer because there is a question as to whether she permitted Barden to drive her car. In support of this belief, the Shapiros argue that the deposition testimony of Kramer and Barden is self-serving. The Shapiros claim that the credibility of Kramer and Barden are matters for the jury to resolve. The Shapiros also argue that there is a question as to whether Kramer's act of blocking Barden's exit from the home with her car created constructive negligent entrustment of her vehicle. Kramer maintains that the Shapiros have not provided any evidence that she entrusted her car to Barden. The issue here is whether the trial court properly granted Kramer's motion for summary judgment.
We begin by noting that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Kramer's favor was appropriate.
The Shapiros' complaint alleges that Kramer is liable for their injuries because she negligently entrusted her car to Barden. As a general rule, an owner of a motor vehicle is not liable for the negligent use of the vehicle by another to whom it is entrusted. Williamson v. Eclipse Motor Lines, Inc. (1945), 145 Ohio St. 467, 472. The owner may, however, be liable for an injury to a third party on the grounds of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from the known facts and circumstances, entrusts its operation to an inexperienced or incompetent person whose negligent operation causes the injury. Gulla v. Straus (1950),154 Ohio St. 193.
In an action for negligent entrustment, the plaintiff has the burden of proving that: (1) the vehicle was driven with the owner's permission; (2) the entrustee was in fact an incompetent driver; and (3) the owner knew at the time of the entrustment that the entrustee was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply that the owner had knowledge of the incompetency. Id. at paragraph five of the syllabus.
Here, in support of her motion for summary judgment, Kramer submitted an affidavit stating that Barden drove her car without her knowledge or permission. In fact, she averred that she specifically forbade Barden from driving her car upon his license being suspended several months earlier. Kramer also avers that she did not know that Barden had taken her car until after the accident had occurred.
Kramer also submitted the deposition testimony of Barden to support her motion. Barden testified that he took his mother's car to pick up his brother without his mother's permission. Kramer claims that the Shapiros can not establish that she entrusted her vehicle to Barden, and, therefore, she was entitled to summary judgment on the grounds that the Shapiros could not support their negligent entrustment claim.
In opposition to the motion for summary judgment, the Shapiros asserted that Kramer was not entitled to summary judgment because a genuine issue of material fact existed as to whether Kramer gave Barden permission to use the vehicle and whether Kramer constructively entrusted her car to Barden by parking it in the driveway. The Shapiros submitted the depositions of Kramer and Barden in support of their response to Kramer's motion for summary judgment.
The Shapiros inferred that, because Barden had used his mother's car in the past, she should have known that Barden would continue driving her car. The Shapiros further inferred that, because Kramer parked her car in the driveway on the evening in question, thereby blocking Barden's exit, she should have known that Barden would drive her car that night. The Shapiros pointed to Kramer's testimony that she had let Barden use her car prior to his license being suspended, and that he did not always ask her permission to do so then. From this testimony, the Shapiros infer that there was a tacit understanding between Kramer and Barden that Barden could use his mother's car for occasional short trips as he had driven in the past before his license was suspended.
A negligent entrustment claim requires the plaintiff to prove that the owner of a vehicle knowingly gave permission to the known incompetent entrustee to operate the vehicle. See Gulla, at paragraph three of the syllabus. Thus, once Kramer pointed to evidence that she did not give Barden permission to drive the vehicle, the burden shifted to the Shapiros to point to evidence that a genuine issue of material fact existed. In order to meet their burden, the Shapiros would have to establish that a genuine issue of material fact existed as to whether Barden operated the vehicle with the permission and authority of Kramer. The Shapiros failed to do so. While they produced evidence that Barden had been given permission in the past to use his mother's car, it does not refute Kramer's evidence that she instructed Barden, upon his license being suspended, that he was no longer allowed to drive her car.
Because the Shapiros failed to point to evidence that a genuine issue of fact existed as to whether Barden had the permission or authority of Kramer to operate the vehicle, they failed to meet their burden under Civ.R.56. Moreover, mere access to a car is insufficient to indicate that the use of that vehicle has been entrusted to a tortfeasor. The mere fact that Kramer parked her car in the driveway does not support the inference that the subsequent use of the car by Barden was with her authority or permission.
Because the evidence cited by the Shapiros fails to establish a genuine issue of material fact as to whether Kramer authorized or permitted Barden to drive her car, the Shapiros' first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and ANN DYKE, J., CONCUR.