[Cite as *Rice v. Kanoza*, 2012-Ohio-2581.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MATTHEW B. RICE, a minor, by his parent and next friend, Jeanne Rice, | : | APPEAL NO. C-110595 |
| | | TRIAL NO. A-1004565 |
| and | : | |
| | : | *O P I N I O N.* |
| JEANNE RICE, | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| CHRISTOPHER KANOZA, a minor, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| LINDSAY C. DUFFY, a minor, et al., | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 13, 2012

*Freking & Betz, LLC*, and *Mark W. Napier,* for Plaintiffs-Appellants,

*Raymond H. Decker,* for Defendant-Appellee.

Please note: This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge.**

{¶1} The issue presented for our review is whether and under what circumstances a claim of negligent entrustment may be brought against a nonowner of the entrusted automobile.

## Facts

{¶2} Plaintiff-appellant Matthew Rice was a passenger in a Ford Escort driven by defendant Lindsay Duffy when Duffy crashed into a sport utility vehicle, allegedly causing serious injury to Rice. Lorrie Kanoza, defendant-appellee Christopher Kanoza's mother, was the owner of the car. But Christopher Kanoza ("Kanoza") was its primary user.

{¶3} Prior to the accident, Duffy, who was 15 years old, had been at a party with a number of other teenagers, including Kanoza. Kanoza had driven the Escort to the party that evening. In her deposition, Duffy testified that she had played "beer pong" with Kanoza and that Kanoza had been present when she had consumed beer. Duffy also testified that, after she had been drinking beer, Kanoza had seen her get into the Escort with the keys and sit in the driver's seat. There is no evidence that Kanoza protested or tried to stop Duffy when she drove away. Rice and another passenger were also in the car. The accident occurred shortly thereafter.

{¶4} Rice sued Kanoza for damages resulting from negligently entrusting the Escort to Duffy. Kanoza moved for summary judgment on the ground that he was not the owner of the Escort, and that, therefore, under *Gulla v. Straus*, 154 Ohio St. 193, 93 N.E.2d 662 (1950), he could not be sued for negligently entrusting it. The trial court granted Kanoza's motion and, pursuant to Civ.R. 54(B), determined that there was "no just reason for delay." This appeal followed.

**{¶5}** In his sole assignment of error, Rice claims that the trial court misinterpreted Ohio law when ruling on Kanoza's motion for summary judgment. He asserts that one who has control of an automobile, regardless of ownership, may be sued for negligent entrustment. Rice is correct.

## Standard of Review

**{¶6}** We review the granting of summary judgment de novo. Summary judgment is appropriate only when the moving party demonstrates (1) that no genuine issue of material fact exists, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *Temple v. Wean*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St. 3d 181, 183, 677 N.E.2d 343 (1997).

## Ownership Versus Control

**{¶7}** Neither the Ohio Supreme Court nor this district has addressed the issue of ownership versus control in a negligent-entrustment claim. Kanoza urges us to interpret *Gulla* as limiting liability for negligent entrustment to the owner of the entrusted automobile. We do not construe *Gulla* this narrowly. In *Gulla*, the court held "[i]n an action ***against the owner*** of a motor vehicle for injury arising from its entrustment for operation, the burden is upon the plaintiff to establish that the motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the entrustee had no driver's license, or that he was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency." *Gulla,* 154 Ohio St. 193, 93 N.E.2d 662, at paragraph five of the syllabus

3

(emphasis added). The case was written in reference to the "owner" of the truck at issue because it was the owner who had given permission to another to drive it, and therefore, it was the owner who had been sued. The *Gulla* court did not hold that *only* the owner of an automobile could be sued for negligent entrustment.

{¶8} Other districts are split on the issue of whether liability for negligent entrustment should be predicated on ownership of the vehicle involved. Relying on the Restatement of Torts, the Eighth Appellate District determined in dicta that a nonowner could be sued for the negligent entrustment of an automobile if the automobile had been under the nonowner's control. *See Motorists Ins. Co. v. Sokol*, 8th Dist No. 45380, 1983 Ohio App. LEXIS 12943 (Apr. 7, 1983), relying on Restatement of the Law 2d, Torts, Section 308 and 390 (1965).

{¶9} By contrast, the Sixth and Ninth Appellate Districts have interpreted *Gulla* as limiting liability for negligent entrustment to the owner of the entrusted vehicle. *See Dunne v. Hanson,* 6th Dist. No. L-01-1414, 2002-Ohio-2267; *Gray v. Giacomelli,* 9th Dist. No. 94CA005949, 1995 Ohio App. LEXIS 2502 (June 7, 1995)*; DiFilippo v. Hamrlik*, 9th Dist. No. 93CA005698, 1994 Ohio App. LEXIS 6118 (Dec. 30, 1994). For the following reasons, we find *Sokol* to be persuasive.

**Tort Law Principles Support Rice's Argument**

{¶10} In any negligence claim, a plaintiff must prove (1) a legal duty on the part of the defendant, (2) the defendant's breach of that duty, and (3) an injury that is the proximate cause of that breach. *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 22; *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St. 3d 75, 77, 472 N.E.2d 707 (1984).

4

{¶11} Kanoza essentially contends that he owed no duty to Rice to prevent Duffy, an allegedly incompetent driver, from driving the Escort. "Duty" is "an obligation on the part of the defendant to exercise due care toward the plaintiff." *Commerce & Industry Ins. Co. v. Toledo*, 45 Ohio St.3d 96, 98, 543 N.E.2d 1188 (1989). The existence of a duty depends on the foreseeability of injury. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989); *Menifee,* at 77; *Gedeon v. East Ohio Gas Co.*, 128 Ohio St. 335, 190 N.E. 924 (1934).

{¶12} Ordinarily, there is no legal obligation to control the conduct of another person to prevent him or her from causing injury to a third party unless a "special relation" exists between the actor (the defendant) and the other person (the person injuring a third party). *Littleton v. Good Samaritan Hospital & Health Center*, 39 Ohio St.3d 86, 92, 529 N.E.2d 449 (1988); *Gelbman v. Second Natl. Bank of Warren* (1984), 9 Ohio St.3d 77, 78, 458 N.E.2d 1262 (1984); Restatement of the Law 2d, Torts, Section 315 (1965). The Ohio Supreme Court has determined that a "special relation" exists in cases where the defendant has a sufficient amount of control over another person or over property to prevent foreseeable harm to a third party. *See Littleton*, at 92, (psychiatrist owed duty to take reasonable measures to protect a homicide victim where the doctor had had "sufficient charge" over his homicidal psychiatric patient to prevent her release or alter her treatment); *see also Ripple v. Mahoning Nat'l. Bank,* 143 Ohio St. 614, 56 N.E.2d 289 (1944), (lessor is not liable for injuries to a third party in the absence of authority to exercise control over the premises to the exclusion of any control by the lessee*); Cooper v. Roose*, 151 Ohio St. 316, 317, 85 N.E.2d 545 (1949) (a landowner's "liability in tort is an incident to occupation or control"). In regard to negligent entrustment in particular, the Restatement of Torts provides that it is negligence to permit another person "to use a thing * * * which is under the control of the actor, if the actor knows or should know that such person intends or is

5

likely to use the thing to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." Restatement of the Law 2d, Torts, Section 308 (1965).

{¶13} Based on these well-established tort principles, we hold that one in control of an automobile has a duty to third parties not to entrust that automobile to another where the entrustor knew or should have known that the entrustee was an incompetent driver. *See Gullla*, 154 Ohio St. 193, 93 N.E.2d 662, at paragraphs three, four, and five of the syllabus.

### Demonstrating Control

{¶14} Our holding is consistent with *Gulla*. In that case, liability was predicated on the fact that the defendant had had sufficient control over the truck to give permission to another to drive it. We hold that a defendant is "in control" of a motor vehicle for purposes of a negligent entrustment claim where another may drive the vehicle with the permission of the defendant and where the defendant has reason to believe that by withholding permission he can prevent the person from driving. *See* Restatement of the Law 2d, Torts, Sec 308, Comment a (1965). Thus, under our analysis, ownership may be relevant to the issue of "control"—but it is not dispositive.

### Genuine Issues of Material Fact Remain

{¶15} In his deposition, Kanoza testified that his mother had purchased the Escort primarily for his use. Kanoza stated that he drove the car to school, to work, to football practice, and to social functions. And he had driven the Escort to the party on the night in question. During the party, before Duffy had arrived, Kanoza had given permission to another teenager to drive the Escort. These facts were sufficient to overcome a motion for summary judgment on the issue of whether Kanoza had had "control" over the Escort sufficient to give Duffy permission to drive it and to stop her from driving it.

6

**{¶16}** Other issues of fact remain on Rice's negligent-entrustment claim. Through Duffy's deposition testimony, Rice has demonstrated that Kanoza may have entrusted the Escort to Duffy knowing that she was an incompetent driver. *See Gulla*, 150 Ohio St.3d 193, 93 N.E.2d 662, at paragraphs three, four, and five of the syllabus. Duffy testified that Kanoza had witnessed her drinking beer during the game of "beer pong," and that he had not protested when he saw her in the Escort's driver's seat shortly thereafter with the car keys.

**{¶17}** For these reasons, Rice's assignment of error is sustained. We reverse the trial court's judgment entering summary judgment in favor of Kanoza and remand this case for proceedings consistent with the law and this opinion.

Judgment Reversed and Cause Remanded.

**SUNDERMANN, P.J.,** and **CUNNINGHAM, J.,** concur.


Please note:
   The court has recorded its own entry this date.

7