[Cite as *Jarvis v. Staley*, 2012-Ohio-3832.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| DENNIS R. JARVIS, et al., | : | Case No. 10CA15 |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| MORGAN S. STALEY, et al., | : | |
| | : | **RELEASED 08/22/12** |
| Defendants-Appellees. | : | |

_____

APPEARANCES:

Douglas J. Blue, Blue & Blue, LLC, Columbus, Ohio, for appellants.

George J. Cosenza, Parkersburg, West Virginia, for appellee Claudia Staley.
_____

Harsha, J.

{¶1}   Dennis and Diana Jarvis filed suit against Morgan and Claudia Staley, alleging that Morgan negligently operated a vehicle, which Claudia negligently entrusted to him, causing them personal and derivate injuries.  The Jarvises now appeal the trial court's decision to grant Claudia a summary judgment on the negligent entrustment claim.  However, the Jarvises' claims against Morgan remain pending, as do counterclaims the Staleys filed against Dennis.  Because the trial court did not certify that there was "no just reason for delay" as Civ.R. 54(B) requires, we lack jurisdiction to consider this appeal and must dismiss it.

I.  Facts

{¶2}   The Jarvises filed a complaint against Morgan, Claudia, and Grange Mutual Casualty Company ("Grange") in case number 08 TR 256.  The complaint alleged that Morgan negligently rear-ended the vehicle Dennis was driving, injuring

Dennis and causing Diana the loss of her husband's consortium. It also alleged that Claudia was liable for the Jarvises' injuries and damages because she owned the vehicle Morgan was driving and negligently entrusted it to him. In addition, the Jarvises alleged that they had an insurance policy issued by Grange and were entitled to compensation under the uninsured/underinsured motorist and medical payment sections of that policy. The Staleys filed counterclaims against Dennis, alleging that his negligence or recklessness during the incident resulted in personal injuries to Morgan. The Staleys also alleged that Claudia incurred substantial medical and other expenses for the care and treatment of Morgan, her minor son, and suffered the loss of her son's consortium.

{¶3} The Jarvises voluntarily dismissed their claim against Grange. However, Grange also filed a complaint for declaratory judgment in case number 09 OT 60, seeking a declaration that it had no duty to defend Dennis against the Staleys' counterclaims. On Grange's motion, the trial court consolidated 08 TR 256 and 09 OT 60. Later, the court granted an unopposed motion for summary judgment Grange filed regarding its request for declaratory judgment and dismissed Grange from the case.

{¶4} Subsequently, Claudia filed a motion for summary judgment on the negligent entrustment claim, which the trial court granted. Prior to the trial on the remaining claims, Morgan notified the court that he filed for bankruptcy. The trial court issued an entry staying the case due to the pending bankruptcy action and stating that "this Court's orders with regard to the other Defendants including, but not limited to Defendant Claudia Staley, are final and constitute final appealable orders." This appeal followed.

II.  Assignments of Error

{¶5}    The Jarvises assign four errors for our review:

1.  WHETHER DEFENDANT/APPELLEE CLAUDIA STALEY'S
    PERMITTING DEFENDANT MORGAN STALEY TO USE THE ALL-
    TERRAIN VEHICLE MADE THE ALL-TERRAIN VEHICLE A
    DANGEROUS INSTRUMENTALITY SUCH THAT
    DEFENDANT/APPELLEE CLAUDIA STALEY SHOULD BE LIABLE
    FOR NEGLIGENT ENTRUSTMENT TO PLAINTIFFS/APPELLANTS
    DENNIS AND DIANA JARVIS.

2.  THE TRIAL COURT ERRED IN FINDING THAT
    DEFENDANT/APPELLEE CLAUDIA STALEY DID NOT FAIL TO
    EXERCISE CONTROL OVER HER SON, DEFENDANT MORGAN
    STALEY IN HIS USE OF THE ALL-TERRAIN VEHICLE SUCH THAT
    DEFENDANT/APPELLEE CLAUDIA STALEY WAS LIABLE FOR
    NEGLIGENT ENTRUSTMENT.  (Tr. [a]t pp.3; Trial Court's Entry)

3.  THE TRIAL COURT ERRED IN FINDING THAT
    DEFENDANT/APPELLEE CLAUDIA STALEY DID NOT SANCTION
    OR OTHERWISE DIRECT PLAINTIFF MORGAN STALEY'S
    NEGLIGENCE.  (Tr. [a]t pp.3; Trial Court's Entry)

4.  THE TRIAL COURT ERRED BY GRANTING
    DEFENDANT/APPELLEE CLAUDIA STALEY SUMMARY JUDGMENT
    WHEN THE ISSUE OF OWNERSHIP OF THE ALL-TERRAIN
    VEHICLE PRESENTED A GENUINE ISSUE OF MATERIAL FACT.
    (Tr. [a]t pp.4; Trial Court's Entry)

III.  No Final, Appealable Order Exists

{¶6}    Before we address the merits of this appeal, we must decide whether we
have jurisdiction to do so.  Appellate courts "have such jurisdiction as may be provided
by law to review and affirm, modify, or reverse judgments or final orders of the courts of
record inferior to the court of appeals within the district[.]"  Ohio Constitution, Article IV,
Section 3(B)(2); *see* R.C. 2505.03(A).  If a court's order is not final and appealable, we
have no jurisdiction to review the matter and must dismiss the appeal.  *Eddie v.
Saunders*, 4th Dist. No. 07CA7, 2008-Ohio-4755, ¶ 11.  In the event that the parties do

not raise the jurisdictional issue, we must raise it sua sponte.  *Sexton v. Conley*, 4th

Dist. No. 99CA2655, 2000 WL 1137463, *2 (Aug. 7, 2000).

{¶7}    An order must meet the requirements of both R.C. 2505.02 and Civ.R.

54(B), if applicable, to constitute a final, appealable order.  *Chef Italiano Corp. v. Kent*

*State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).  Under R.C. 2505.02(B)(1), an

order is a final order if it "affects a substantial right in an action that in effect determines

the action and prevents a judgment[.]"  To determine the action and prevent a judgment

for the party appealing, the order "must dispose of the whole merits of the cause or

some separate and distinct branch thereof and leave nothing for the determination of

the court."  *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals*

*Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶8}    Additionally, if the case involves multiple parties or multiple claims, the

court's order must meet the requirements of Civ.R. 54(B) to qualify as a final,

appealable order.  Under Civ.R. 54(B), "[w]hen more than one claim for relief is

presented in an action whether as a claim, counterclaim, cross-claim, or third-party

claim, and whether arising out of the same or separate transactions, or when multiple

parties are involved, the court may enter final judgment as to one or more but fewer

than all of the claims or parties only upon an express determination that there is no just

reason for delay."  Absent the mandatory language that "there is no just reason for

delay," an order that does not dispose of all claims is subject to modification and is not

final and appealable.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989);

*see* Civ.R. 54(B).  The purpose of Civ.R. 54(B) is " 'to make a reasonable

accommodation of the policy against piecemeal appeals with the possible injustice

sometimes created by the delay of appeals[,]' * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *."  *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977), quoting *Alexander v. Buckeye Pipeline*, 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977).

**{¶9}**    Here, the case obviously involves multiple parties and claims.  The claims related to Grange have been resolved.  However, the Jarvises' claims against Morgan obviously remain pending, as do the counterclaims Morgan and Claudia filed.  The trial court's May 28, 2010 entry granting Claudia's motion for summary judgment and dismissing the claims against her does not contain the mandatory Civ.R. 54(B) language that "there is no just reason for delay" of an appeal of the ruling.  In the entry staying the case due to Morgan's bankruptcy proceeding, the trial court stated that "this Court's orders with regard to the other Defendants including, but not limited to Defendant Claudia Staley, are final and constitute final appealable orders."  Despite the trial court's obvious intent to convert its ruling on Claudia's motion for a summary judgment into a final order, the language used is insufficient to comply with the requirement of Civ.R. 54(B) that the court certify "there is no just reason for delay" of an appeal.  *See Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, ¶ 8 ("A court may not bypass the requirement to include the express language of Civ.R. 54(B) simply by designating the order as final."); *Brisk v. Draf Industries, Inc.*, 10th Dist. No. 11AP-23, 2012-Ohio-777, ¶ 6 (dismissing appeal where trial court's order lacked "compulsory determination that there is no just reason for delay" despite fact that order "clearly

indicate[d] an intent to render a final, appealable order").

{¶10}  Accordingly, we dismiss the appeal for lack of a final, appealable order.

APPEAL DISMISSED.

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and that Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**