[Cite as *Jarvis v. Staley*, 2014-Ohio-271.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY


DENNIS R. JARVIS, et al.,

      Plaintiffs-Appellants,             :         Case No.   12CA46

      vs.                              :

                                          :

MORGAN S. STALEY, et. al.,

      Defendants-Appellees.        :


DECISION AND JUDGMENT ENTRY

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:     Douglas J. Blue, Blue & Blue, L.L.C., 471 East Broad
                                          Street, Ste. 1100, Columbus, Ohio 43215

COUNSEL FOR APPELLEE:       George J. Cosenza, 515 Market Street, P.O. Box 4,
                                          Parkersburg, West Virginia 26102

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 1-13-14
ABELE, P.J.

{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment in favor of Claudia Staley, defendant below and appellee herein, on the claim brought by Dennis R. Jarvis and Diane Jarvis, plaintiffs below and appellants herein. Appellants assign the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "WHETHER DEFENDANT-APPELLEE CLAUDIA STALEY'S
> PERMITTING DEFENDANT MORGAN STALEY TO USE THE
> ALL-TERRAIN VEHICLE MADE THE ALL-TERRAIN

VEHICLE A DANGEROUS INSTRUMENTALITY SUCH
THAT DEFENDANT-APPELLEE CLAUDIA STALEY
SHOULD BE LIABLE FOR NEGLIGENT ENTRUSTMENT TO
PLAINTIFFs/APPELLANTS DENNIS AND DIANA JARVIS."
SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN FINDING THAT
DEFENDANT-APPELLEE CLAUDIA STALEY DID NOT FAIL
TO EXERCISE CONTROL OVER HER SON, DEFENDANT
MORGAN STALEY, IN HIS USE OF THE ALL-TERRAIN
VEHICLE SUCH THAT DEFENDANT-APPELLEE CLAUDIA
STALEY WAS LIABLE FOR NEGLIGENT ENTRUSTMENT."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN FINDING THAT
DEFENDANT-APPELLEE CLAUDIA STALEY DID NOT
SANCTION OR OTHERWISE DIRECT PLAINTIFF [sic]
MORGAN STALEY'S NEGLIGENCE."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY GRANTING
DEFENDANT-APPELLEE CLAUDIA STALEY SUMMARY
JUDGMENT WHEN THE ISSUE OF OWNERSHIP OF THE
ALL-TERRAIN VEHICLE PRESENTED A GENUINE ISSUE
OF MATERIAL FACT."

{¶ 2}   On July 31, 2006, Appellant Dennis R. Jarvis and Appellee Morgan S. Staley were involved in an automobile accident.   Appellants commenced the case sub judice on July 28, 2008 and alleged, inter alia, that Appellee Morgan S. Staley negligently operated his motor vehicle and that his mother, Claudia Staley, negligently entrusted that vehicle to her son. Appellees, as well as various other parties, denied liability.

{¶ 3}   On May 28, 2010, the trial court entered summary judgment in favor of Appellee Claudia Staley on the negligent entrustment claim.   The trial court, in so doing, concluded that appellants did not carry their burden to show that a genuine issue of material fact exists concerning appellee's son's "reckless or had negligent tendencies."   Eleven days earlier, Morgan

Staley filed for bankruptcy and a notice of stay of proceedings was filed on May 18, 2010. As a result, the parties filed a June 1, 2010 agreed entry that all orders previously filed in the case would be considered "final and constitute final appealable orders."

{¶ 4}   Appellants thereafter filed a notice of appeal from summary judgment. This Court later dismissed that appeal for the failure to include the Civ.R. 54(B) "no just reason for delay" language. *Jarvis v. Staley*, 4th Dist. Washington No. 10CA15, 2012-Ohio-3832, at ¶¶9-10 (*Jarvis I*). On October 1, 2012, the trial court issued an entry that (1) granted summary judgment in favor of Appellee Claudia Staley, and (2) found "no just reason for delay." This appeal followed.

{¶ 5}   We jointly consider all assignments of error together because they all posit, in essence, the same question – did the trial court correctly grant summary judgment on the negligent entrustment claim? Our review of all of the evidentiary materials leads us to answer that question in the affirmative.

{¶ 6}   Appellate courts generally review summary judgments de novo. *Sutton Funding, L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010–Ohio– 3645, 936 N.E.2d 574, at ¶59; *Broadnax v. Greene Credit Service*, 118 Ohio App.3d 881, 887, 694 N.E.2d 167 (2nd Dist.1997). In other words, reviewing courts afford no deference whatsoever to trial court summary judgment decisions. See *Sampson v. Cuyahoga Metro. Hous. Auth.*, 188 Ohio App.3d 250, 935 N.E.2d 98, 2010– Ohio–3415, at ¶19; *Kalan v. Fox*, 187 Ohio App.3d 687, 933 N.E.2d 337, 2010–Ohio–2951, at ¶13. Instead, appellate courts will independently review the case to determine if summary judgment is appropriate. *Woods v. Dutta*, 119 Ohio App.3d 228, 233–234, 695 N.E.2d 18 (4th Dist. 1997); *McGee v. Goodyear Atomic Corp.*, 103 Ohio App.3d 236, 241,

659 N.E.2d 317 (4th Dist.1995).

{¶ 7}   Summary judgment under Civ. R. 56(C) is appropriate when a movant shows that (1) no genuine issues of material fact exist, (2) she is entitled to judgment as a matter of law, and (3) after the evidence is construed most strongly in favor of the opposing party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010–Ohio–1027, 927 N.E.2d 1066, at ¶103; *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201 (1998).   The moving party also bears the initial burden to show that no genuine issue of material facts exist and that she is entitled to judgment as a matter of law. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997); *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).   If that burden is satisfied, the onus shifts to the non-moving party to adduce rebuttal evidentiary materials.   See *Trout v. Parker*, 72 Ohio App.3d 720, 723, 595 N.E.2d 1015 (4th Dist.1991); *Campco Distributors, Inc. v. Fries*, 42 Ohio App.3d 200, 201, 537 N.E.2d 661 (2nd Dist. 1987).

{¶ 8}   We have previously held, in a negligent entrustment of a motor vehicle action, that the plaintiff has the burden to prove that: (1) the vehicle was driven with the owner's permission; (2) the entrustee was, in fact, an incompetent driver; and (3) the owner knew, at the time of the entrustment, that the entrustee was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as to imply that the owner had knowledge of the incompetency. See *Evans v. Sayers*, 4th Dist. Ross No. 04CA2783, 2005-Ohio-2135, at ¶26; also see *Gulla v. Strauss*, 154 Ohio St. 193, 93 N.E.2d 662, at paragraph five of the syllabus (1950).   Here, appellee's motion included a copy of a bill of sale that purports to have sold the

four-wheeler to a live-in boyfriend a few years before the accident. Appellants produced no Civ.R. 56(C) evidentiary material to rebut that bill of sale. Thus, a negligent entrustment action would arguably not lie against appellee as she is not the owner of the instrumentality at the time of the accident. However, a division of authority exists among Ohio appellate districts as to whether someone can be held liable for negligent entrustment when they no longer own the vehicle. The First and Eighth Districts have concluded that they can if the entrustor at least had control over the vehicle. See *Rice v. Kanoza*, 1st Hamilton No. C–110595, 2012-Ohio-2581, at ¶¶8-9; *Motorists Ins. Co. v. Sokol*, 8th Cuyahoga No. 45380, 1983 WL 5911 (Apr. 7, 1983). By contrast, the Sixth and Ninth Districts have held that they cannot be held liable under those circumstances. See *Dunne v. Hanson*, 6th Dist. Lucas No. L–01–1414, 2002–Ohio–2267, at ¶11; *DiFilippo v. Hamrlik*, 9th Dist. Lorain No. 93CA005698, 1994 WL 721847 (Dec. 30, 1994).

{¶ 9} Although in *Evans* our use of the word "owner" would suggest that we fall into the latter category, this Court has not directly considered the issue of whether a non-owner could be held liable for negligent entrustment if the non-owner retained control of the vehicle. We, however, need not address that issue in this case.

{¶ 10} First, *Rice* and *Sokol* both are based on the fact that the entrustor had control over the vehicle. Here, Claudia Staley testified at her deposition that she "basically had nothing to do with Morgan and the use of the four wheeler." She had nothing to do with the vehicle's maintenance (except for occasionally giving her son money to buy gas) and the four-wheeler was "locked" in "Randy Jarvis's garage" rather than on her property. Appellee thus carried her initial burden to show she had no control over the vehicle.

{¶ 11} More important, Claudia Staley had to know at the time of entrustment that the entrustee was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as to imply that the owner had knowledge of the incompetency. Assuming, arguendo, that Morgan Staley was incompetent or unqualified, his mother testified as follows in her deposition:

> "Q. Before the incident, had you ever had to discipline Morgan with regard to mis-operating the ATV?
>
> A. No.
>
> Q. Had anyone else had to discipline Morgan, to your knowledge?
>
> A. Not that I'm aware of, no."

{¶ 12} Thus, appellee carried her initial burden to show that she was not aware that her son was incompetent or unqualified to operate the four-wheeler. The burden then shifted to appellants to provide rebuttal evidentiary materials to show that appellee knew that her son was either incompetent or unqualified to drive the four-wheeler. We conclude, as did the trial court, that appellants failed to satisfy that burden.

{¶ 13} In their memorandum opposing summary judgment, appellants cited appellee's deposition wherein she admitted that her son did not wear a safety helmet. Appellants then attempt to triangulate that admission and argue that if "Morgan failed to wear his helmet as instructed, it is reasonable that he failed to follow other instructions given to him[.]" Although a failure to wear a safety helmet may demonstrate a lapse in judgment, it does not establish that appellee's son was unqualified or incompetent. As for the assumption that he failed to follow other rules, speculative conclusory assertions are generally inappropriate in summary judgment analysis.

{¶ 14} Based upon all the foregoing reasons, we conclude that the trial court correctly granted summary judgment to appellee on the negligent entrustment claim. Consequently, we hereby overrule appellant's four assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *Jarvis v. Staley*, 2014-Ohio-271.]

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellees recover of appellants the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion
For the Court

BY:_____

Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.